### WILLIAM H. HACKETT
(State Tax Commissioner )

### APPEAL FROM PROBATE
(Estate of Robert W. Hampson)

Superior Court      New Haven County      File #11387
(At Waterbury)

Present:   Hon. NEWELL JENNINGS, Judge.

Edward J. Daly, Attorney-General,
Joseph W. O'Donnell,
Farwell Knapp,                    Attorneys for the Plaintiff.

Thomas F. Moore,                Attorney for the Defendant.

### MEMORANDUM FILED OCTOBER 29, 1935.

JENNINGS, J.   Robert W. Hampson died testate. By his will he established a trust fund the net avails of which are to be paid to certain life tenants and contingent remainder-men.   The duration of the trust and ultimate beneficiaries are uncertain.   The subject matter of the trust is an unencumbered piece of central real estate in Waterbury appraised at $110.000.

In accordance with **Section 366b Cumulative Supplement**

1933 an attempt was made to compromise this tax claim. It clearly appears from the exhibits attached to the stipulation of facts that the universal compromise offered by the Tax Commissioner in cases of this kind is the lowest possible tax plus one-half the difference between the highest and lowest tax. This was the compromise offered in this case. It was refused by the executor on the ground that the probability of the lowest tax being the ultimate tax was so great and the probability of a higher tax being ultimately required was mathematically so slight that a fifty-fifty compromise was inequitable.

After the failure to compromise, the tax was figured at the highest possible rate. The executor then made an appli-cation for an extension of time to pay the excess over the lowest tax under **Section 374b Cumulative Supplement 1933.** The Probate Court extended the time "until the final determ-ination of the most remote contingency provided for in the last Will and Testament of said deceased." The Tax Com-missioner filed this appeal from this decree.

While there are eight reasons of appeal, to judge from the brief and arguments, the issues are two in number; first, did the Probate Court err in applying **Section 374b Cumulative Supplement 1933** to the situation disclosed and, second, is the method of compromise adopted by the Tax Commissioner arbitrary and illegal. This latter question is fairly raised by the denial of the special defense in the amended answer and most of the argument was directed to this point.

As to the first point, for reasons fully stated by Mr. Moore in oral argument, the provisions of **Section 374b Cumulative Supplement 1933** clearly apply to this situation. Its terms are broad. Both **Section 366b and Section 374b** are part of the same chapter. **Section 374b** reads in part as follows: "Each tax imposed by the provisions **of this chapter . . . .** shall bear interest . . . . except in case an extension shall be granted as herein provided; but the Court of Probate may . . . . extend the time for the payment of such tax or any part thereof." This gives full power to the Court of Probate over all taxes imposed by this chapter, including those im-posed under **Section 366b.** The only serious question as to the correctness of this interpretation arose as to whether the extension granted in this case to the time of the happening of

a definite event at a future indefinite time was a valid exercise of the power conferred. After studying the statute in the light of the arguments I am of the opinion that the terms of the statute are sufficiently broad to support this ruling.

The results of the decree are eminently practical. If no further tax is required, as seems most probable, the State has now all that it is entitled to at a minimum of expense and inconvenience to the estate. If the State is ultimately entitled to a further tax, it gets it with interest. The fears of Mr. Knapp that the estate will be dissipated or lost are not well founded. By entry of appearance in the Probate Court proceedings, the State can be protected against any hypothecation or alienation of the property. The existence of liquid assets adequate to pay the tax demanded would be a good reason for denying the extension. Here, however, there are no liquid assets and the enforcement of payment would require the mortgaging of the real estate and the interest on this mortgage would be paid by the life tenants instead of the remaindermen.

The claim raised by the second special defense of the answer might be good if the statute afforded no way of escape for the beneficiaries. Such is not the situation. If the contingent tax is paid and events show that it was not due, it is returned with four per cent compound interest. In this case, for instance, the amount returned might easily be more than double the amount of the original tax, surely a better investment for the remaindermen, if they had the cash available, than for the State. If equitable reasons exist for not paying the contingent tax, the estate may have recourse under this decision to a motion for extension of time in which to pay. As indicated by the arguments and the history of this legislation outlined in Mr. Knapp's brief, the problem of the proper taxation of contingent remainders is a most intricate and difficult one. In view of this situation, the complex facts presented in individual estates and the relief afforded by the statute in hard cases as just described, the general principle of compromise adopted by the Commissioner is not so arbitrary as to be illegal.

The first special defense is sustained. The second special defense is overruled. The decree of the Court of Probate is affirmed and the appeal dismissed.